IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENETHA D.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23 C 3910 |
| v. ) | |
| ) | Magistrate Judge |
| MARTIN J. O'MALLEY, ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Shenetha D.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 29, 2020, Plaintiff filed claims for DIB and SSI, alleging disability since August 15, 2020. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on August 29, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 19, 2022, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 15, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease; chronic bronchitis; and varicose veins in the right lower

extremity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: cannot climb ladders, ropes, or scaffolds and can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; cannot work around hazards such as unprotected heights and exposed moving mechanical parts; cannot tolerate more than occasional concentrated exposure to fumes, noxious odors, dusts, mists, gases, and poor ventilation; and needs the option to alternate positions between sitting and standing every 30 minutes throughout the workday. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a nurse assistant. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC finding was not supported by substantial evidence; (2) the ALJ's symptom evaluation was not supported by substantial evidence; and (3) the ALJ's step five determination was erroneous.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ erroneously failed to "address or contemplate Plaintiff's allegations of a need to elevate her legs or recline her lower extremities." ([14] at 8.) Pertinent to that argument, Plaintiff testified at the hearing that she sat in a recliner during the day and elevated her legs to just a little bit below the hip area. (R. 47.) Also relevant, in his decision, the ALJ determined that Plaintiff's varicose vein condition constituted a severe impairment. (*Id.* at 18.) However, the ALJ did not address or analyze Plaintiff's reported leg elevation requirements whatsoever.

"Although it is within the ALJ's power to decide[] whether the need to elevate one's legs is a limitation, the ALJ is obligated to explain her conclusion." *Robinson v. Colvin*, No. 13 C 1654, 2014 WL 2119270, at *8 (N.D. Ill. May 21, 2014). The ALJ erred in this case as he did not provide such an explanation related to his apparent rejection of Plaintiff's alleged need to elevate her legs. *See Thorn v. Berryhill*, No. 15 CV 50248, 2017 WL 748596, at *4 (N.D. Ill. Feb. 27, 2017) ("Plaintiff argues that the ALJ failed to consider her edema, specifically her claim that she regularly

6

needed to elevate her legs above her heart. . . . Plaintiff believes that the need to elevate her legs above heart-level would prevent her from working. The Court agrees that the ALJ failed to adequately address this issue."). Under the circumstances, the Court cannot engage in meaningful judicial review. *See Warnell*, 97 F.4th at 1054; *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *14 (N.D. Ill. Oct. 19, 2020) ("On remand . . . [t]he ALJ further must reconsider Charles's testimony and his doctors' recommendations regarding the need for leg elevation during the relevant time period. If the ALJ chooses to omit a restriction allowing for legal elevation in the RFC, she must explain why, so that the Court can conduct a meaningful review of that decision."); *Christine C. v. Saul*, No. 19-CV-1981, 2020 WL 5702144, at *3 (N.D. Ill. Sept. 24, 2020) (finding error when the "Court is left to guess how or why the ALJ discounted the need for leg elevation"). The ALJ's failure to address Plaintiff's asserted need to elevate her legs requires that this matter be remanded. *See Gonzalez v. Colvin*, No. 12 CV 10262, 2014 WL 4627833, at *7 (N.D. Ill. Sept. 16, 2014) ("Here, the ALJ never evaluated Gonzalez's testimony that he needs to elevate his leg for 20 minutes four to five times a day in order to reduce swelling and associated pain in his knee. It may be that the ALJ disbelieved Gonzalez's description of his swelling, but on remand she should expressly address this claimed limitation and either explain why she rejects it or discuss how it fits into her RFC assessment.") (citations omitted).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly derived, Plaintiff's alleged symptoms are properly evaluated, and the ALJ's step five findings are properly supported.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                    **ENTERED:**

**DATE:      January 17, 2025**

                                                   **HON. DANIEL P. McLAUGHLIN**
                                                   **United States Magistrate Judge**